IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN SELLERS, #222928 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-933-WKW |
| | ) | [WO] |
| | ) | |
| LT. McCRAY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 18, 2007, John Sellers ["Sellers"], a state inmate, filed a complaint in which he challenges actions taken against him during his confinement at the Frank Lee Youth Center. Upon initiation of this case, Sellers sought leave to proceed *in forma pauperis*. *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. In support of this request, Sellers provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

Upon review of this financial information and pursuant to the provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Sellers owed an initial partial filing fee of $4.13. *Order of October 23, 2007 - Court Doc. No. 3* at 2. In light of the foregoing, the court ordered Sellers to pay $4.13 as an initial partial filing fee. *Id*. This order specifically

informed Sellers "**that it is his responsibility to submit the appropriate paperwork to the**

**prison account clerk for transmission of his funds to this court for payment of the initial**

**partial filing fee**." *Id*. (emphasis in original). The order also "**advised [Sellers] that if he**

**is unable to procure the initial partial filing fee within the time allowed by this court he**

**must inform the court of such inability and request an extension of time within which**

**to file the fee**." *Id*. at 3 (emphasis in original). Additionally, the court specifically cautioned

Sellers that failure to pay the requisite fee within the time allowed by the court would result

in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered

unless exceptional circumstances exist." *Id*. Sellers has not submitted payment of the initial

partial filing fee nor has he advised the court of the need for an extension to file such fee as

required by the order entered in this case. The court therefore concludes that the instant

cause of action should be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee

in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further

ORDERED that on or before December 26, 2007 the parties may file objections to the

Recommendation.    Any    objection    must    specifically    identify    the    findings    in    the

Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 12th day of December, 2007.

       /s/Charles S. Coody

CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE